**PORZIO, BROMBERG & NEWMAN P.C.**
100 Southgate Pkwy., PO Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 (Fax)
spbenenson@pbnlaw.com
*Attorneys for Defendant*
*DHL Express (USA), Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOAM MARTIN, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DHL EXPRESS (USA), INC.,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br><br>**NOTICE OF REMOVAL**<br><br><br>*Document Electronically*<br>*Filed Via ECF System* |

TO:

William T. Walsh, Clerk
United States District Court
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, NJ 08101

WITH NOTICE TO:

Clerk, Superior Court of New Jersey,
Mercer County
Mercer County Civil Courthouse
175 S. Broad Street,
1st Floor, P.O. Box 8068
Trenton, NJ 08650

6473751

Stephen P. DeNittis
DeNittis Osefchen Price, P.C.
525 Route 73 North, Suite 410
Marlton, NJ 08053
*Attorneys for Plaintiff*

PLEASE TAKE NOTICE that defendant, DHL Express (USA), Inc. ("Defendant" or "DHLE"), by and through its attorneys, Porzio, Bromberg & Newman PC, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and respectfully states:

## I.   BACKGROUND

1. On or about June 2, 2021, plaintiff Noam Martin ("Plaintiff") commenced this putative class action against Defendant by filing a Class-Action Complaint ("Complaint") in the Superior Court of the State of New Jersey, Law Division, Mercer County, which was assigned docket no. MER-L-001161-21. (*See* Mercer Civil Case Information Statement, "Case Initiation Date," attached as **Exh. A**).

2. The Complaint alleges, *inter alia*, that Defendant is in the business of shipping good from sellers located outside the United States, and has engaged in a "deceptive uniform policy" of providing purchasers/recipients of imported goods a written notice falsely imposing an additional charge for import duties advanced by DHLE, which in reality includes "an undisclosed and unauthorized $17 service charge" that is not "any type of import duty, tax, or other government mandated charge or fee." (*See* Complaint, ¶¶s 1-3, **Exh. B**).

3. As more fully set forth below, this case is being properly removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

6473751

## II.     PROCEDURAL REQUIREMENTS ARE SATISFIED

4.     Plaintiff attempted service by sending a copy of the Summons and Complaint to Defendant via CT Corporation, its in-state registered agent, which was received on June 4, 2021.[1] (*See* CT Corporation Service of Transmittal form, **Exh. C**).

5.     This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(2)(B) because it is being filed within thirty days of Defendant's receipt of Plaintiff's initial pleading, as computed by Fed. R. Civ. Proc. 6(a)(1)(C).

6.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached as **Exhs. A-C**.

7.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal along with a Notice to Adversary of Filing the Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of New Jersey, Law Division, Mercer County.

8.     Venue is proper within the District of New Jersey pursuant to 28 U.S.C. §110 and 28 U.S.C. §1441 because it is the district and division embracing the place where such action is currently pending.

9.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

## III.     THIS COURT HAS SUBJECT MATTER JURISDICTION

10.     This Court has jurisdiction of this action pursuant to the Class Action Fairness Act ("CAFA"), codified in various statutory sections including 28 U.S.C. §1332(d), and this case is subject to removal under CAFA.

---

[1] This Notice of Removal does not waive any objection to defects in process or service of process, jurisdiction, venue, or any other defense.

6473751

11. Under CAFA, a putative class action may be removed where (a) any member of a class of plaintiffs is a citizen of a State different from any defendant (b) the putative class consists of more than 100 members; and (c) the amount in controversy is $5,000,000 or more, when the claims of putative class members are aggregated (exclusive of interests and costs). *See* 28 U.S.C. § 1332(d).

12. Because this putative class action satisfies these requirements, this Court has subject matter jurisdiction over this action.

### A. Minimal Diversity of Citizenship Exists

13. The Complaint states Plaintiff is a New Jersey citizen who received from DHLE a written notice imposing an additional charge for import duties. (*See* Complaint, ¶ 19, **Exh. B**). Plaintiff identifies a DHLE facility located at 80 Milford Road, East Windsor, Mercer County, New Jersey, which presumably is the facility from which Plaintiff's parcels were ultimately delivered to him in the State. *Id.* ¶¶'s 20, 23.

14. The Complaint further alleges that DHLE is a company incorporated pursuant to the laws of the State of Florida, with its principal address at 1210 South Pine Island Road, Plantation, Florida. (*See* Complaint, ¶¶'s 20-21, **Exh. B**). In actuality, DHLE is incorporated under Ohio law. (S*ee* Declaration of Nickolay Georgiev, ¶2, attached as **Exh. D**.). Accordingly, Defendant is not a citizen of New Jersey. 28 U.S.C. § 1332(d)(10).

15. Further, the Complaint seeks relief on behalf of a putative class defined to include "[a]ll New Jersey residents who, since June 2, 2015, received a notice from DHL[E] which was substantially similar to Attachment A which demanded reimbursement of purported import duties." (*See* Complaint, ¶¶'s 46, and Notices A & B, attached thereto).

16. Because Defendant is not a New Jersey citizen and the allegations in the Complaint include Plaintiff and other putative class members who are citizens of a State different from Defendant, CAFA diversity jurisdiction exists. 28 U.S.C. §1332(d)(2)(A).

### B. The Putative Class Consists Of More Than 100 Members

17. The Complaint alleges that the number of class members "exceeds 100 persons and is less than 10,000 persons." (*See* Complaint, ¶ 47).

18. Therefore, CAFA's requirement that the putative class consist of more than 100 members is satisfied. 28 U.S.C. §1332(d).

### C. The Amount-In-Controversy Exceeds $5 Million Dollars

19. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. §1332(d)(6). Here, Plaintiff's claims more than exceed the jurisdictional threshold.

20. The Complaint alleges that under DHLE's "uniform policy," each purchaser/recipient of international goods receives a "false, deceptive and misleading" email notice requiring the payment of an import duty, and a separate written confirmation once payment has been made. Thereafter, the package is delivered. (*See* Complaint, ¶¶'s 7-9, 31-33). Plaintiff claims that he and the class members unwittingly paid an "undisclosed and unauthorized" service fee of $17 per delivery. (*See* Complaint ¶ 2, 5, 7-8, 11-12, 29, 31-32, 35-36, 41, 73). Each shipment therefore constitutes a separate transaction with its own allegedly violative notices.

21. Plaintiff asserts that he is a member of the putative class and that "he, like all class members, received a written notice from DHLE during the class period which contained uniform language. . . ." *Id.* ¶ 49. Plaintiff seeks the same relief for himself and "every other class member." *Id.* ¶ 51.

22. Plaintiff demands judgment for "himself and the proposed Class" for "injunctive, declaratory, monetary and statutory relief" including compensatory damages, treble damages, statutory damages, an accounting, disgorgement and imposition of a constructive trust for the administrative fees collected, and attorneys' fees and costs of suit. (*See* Complaint. ¶¶'s 18, 56, 79, 85, 90, 94, 96 c., Prayer for Relief F. & G.)

23. Count II of the Complaint asserts that the Defendant violated the New Jersey Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.* Under section 56:12-17, an "aggrieved consumer" may seek "a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." Plaintiff seeks the statutory penalty "as well as actual damages and attorneys' fees and costs." (*See* Complaint ¶ 85).

24. Courts apply a penalty of $100 per contract when determining TCCWNA liability. *See Shelton v. Restaurant.com, Inc.*, No. 10824 (MAS)(DEA), 2016 WL 7015620, at *2 (D.N.J. Nov. 30, 2016) (finding penalty of $100 per contract "appropriate"); *United Cons. Fin. Serv. v. Carbo*, 410 N.J. Super. 280, 307 (App. Div. 2009).

25. Similarly, courts assessing the value of TCCWNA claims for purposes of CAFA jurisdiction have calculated penalties at $100 per contract or transaction. *See Bovgirya v. America Honda Motor Co.,* Civ. No. 2:17-cv-06248 (WHW), 2018 WL 3954855, at *5 (D.N.J. Aug. 16, 2018); *Quick v. Kramer*, Civ. No. 15-5845 (SRC), 2015 WL 7737347, at *2 (D.N.J. Nov. 30, 2015) (calculating amount in controversy based on $100 per contract); *Leff v. Belfor USA Grp., Inc.*, Civ. No. 15-2275, 2015 WL 3486883, at *2 (D.N.J. Jun. 2, 2015) (same); *Kaufman v. Lumber Liquidators, Inc.,* Civ. No. 14-6434, 2014 WL 7336795, at *4 (D.N.J. Dec. 22, 2014) (calculating TCCWNA damages at $100 per transaction).

6473751

26. As set forth in the Georgiev Declaration at ¶¶'s 7-8, during all but 6 months of the putative class period, the total number of individual shipments in New Jersey subject to an Advance Payment Surcharge was 43,483 and the total amount collected was $613,763.49. Assuming Plaintiff establishes that Defendant is liable to pay a penalty of $100.00 for each shipment and alleged notice violation under N.J.S.A. 56:12-17, this would result in $4,348,300 in statutory penalties alone. Adding the alleged "actual damages" of $613,763.49 yields a total potential award of $4,962,063.49.

27. Because TCCWNA also provides for an award of "reasonable attorney's fees and court costs," the amount in controversy based only on this statute clearly exceeds $5 million. *See Rendine v. Pantzer*, 141 N.J. 292, 335-37, 343 (1995) (trial court, after establishing plaintiff counsel's lodestar fee, should consider increasing it by an enhancement "in typical contingency cases ranging between twenty and thirty-five percent of the lodestar" in order "to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome."). *See also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005), as amended (Feb. 25, 2005) (citing Federal Judicial Center class action study identifying fee recoveries of 27-30% of judgment).

28. Additionally, Count I of the Complaint asserts that Defendant violated the New Jersey Consumer Fraud Act, N.J.S.A 56:8-1 *et seq.,* ("CFA"), and that Plaintiff and the class members have sustained ascertainable losses for which Defendant is liable. (*See* Complaint ¶¶'s 58-79) Under the CFA, a court shall "award threefold the damages" to any person who suffers any ascertainable loss as a result of any unlawful practice, as well as "reasonable attorneys' fees, filing fees and reasonable costs of suit." N.J.S.A. 56:8-19. Thus, these potential CFA awards must be taken into account when determining the amount in controversy. *See, e.g., Frederico v. Home*

*Depot, Inc.*, 507 F.3d 188, 197-99 (3d Cir. 2007) (considering punitive damages). Attorneys' fees could be "as much as 30% of the judgment." *Id.* at 199 (citations omitted).

29.     Under the CFA, trebling the $613,763.49 in total surcharges collected could result in an award of $1,8841,290.47. Thus, Plaintiff could alternatively recover a CFA award of $1,841,290.47 plus TCCWNA penalties of $4,348,300—*before* imposition of attorneys' fees and costs. In this scenario too, CAFA's $5 million jurisdictional threshold would be exceeded.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

PORZIO, BROMBERG & NEWMAN P.C.
100 Southgate Pkwy., PO Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Fax
spbenenson@pbnlaw.com
*Attorneys for Defendant*
*DHL Express (USA), Inc.*

Date:  July 6, 2021

By:   */s Steven P. Benenson*
        Steven P. Benenson
        An Attorney of the Firm