# EXHIBIT B

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis (SD-0016)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
sdenittis@denittislaw.com

Attorneys for Plaintiff and the Proposed Class

| | |
|---|---|
| NOAM MARTIN, on behalf of himself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY MERCER COUNTY DOCKET NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| v. | |
| DHL EXPRESS (USA), INC., | |
| Defendant. | |

## INTRODUCTION

1.      This is a proposed class action challenging a deceptive uniform policy employed by DHL Express (USA), Inc. ("DHL") in the delivery of goods purchased from retailors outside the United States which are delivered by DHL to purchaser/recipients inside the United States.

2.      Under this uniform policy, DHL sends the purchaser/recipient a written notice imposing an additional charge which the notice falsely represents to be reimbursement for import duties advanced by DHL, but which in reality includes an undisclosed and unauthorized $17 service charge imposed by DHL which is not any type of import duty, tax, or other government-mandated charge or fee.

3.      DHL is a company who, inter alia, is in the business of shipping goods shipped by sellers located outside the United States to recipient/purchasers located in the United States.

4.      In almost all such transactions, it is the seller who selects DHL as the shipper of

1

the goods purchased. In such circumstances, the purchaser/recipient has no written agreement with DHL and no say in the hiring of DHL to ship the goods in question or the terms imposed by DHL.

5.     Under the uniform policy challenged in this case, DHL sends the purchaser/ recipient a written notice imposing an additional charge which the notice falsely represents to be reimbursement for import duties advanced by DHL, but which in reality includes an undisclosed and unauthorized $17 service charge imposed by DHL which is not any type of import duty, tax, or other government-mandated charge or fee.

6.     That uniform policy challenged involves both uniform written false and affirmative statements of fact and knowing omissions of material fact by DHL.

7.     Specifically, after the purchased goods are transported into the United States by DHL, DHL sends a written email notice to the purchaser/recipient, entitled **"Import Duty Payment is Required"** which contains uniform language claiming that **"DHL Express has paid the duty for your parcel"** and demanding that a specified amount be paid to DHL by the recipient/ purchaser for that alleged **"duty"**. That notice goes on to state in uniform language: **"If the duty is not paid within 5 days, the parcel will be returned to the shipper."** See Attachment A, exemplar DHL email notice sent to Plaintiff on May 31, 2021, entitled **"IMPORT DUTY PAYMENT IS REQUIRED,"** which states: **"DHL Express has paid the duty for your parcel with waybill number 7184497935 from BRICKSHOP HOLLAND B.V. The amount you need to pay is USD 44.23 and you can easily pay online here. If the duty is not paid within 5 days, the parcel will be returned to the shipper."**

8.     Once the purchaser/recipient pays the full amount of the purported import **"duty"** demanded by the first DHL written notice, a second written email is sent by DHL to the

2

purchaser/recipient, entitled **"IMPORT DUTY PAYMENT CONFIRMATION,"** which
contains uniform operative language stating: **"Thank you for paying the import duty due on
your DHL Express shipment"** of **"USD 44.23"**. See Attachment B, exemplar DHL email
notice sent to Plaintiff on May 31, 2021, with subject line **"IMPORT DUTY PAYMENT
CONFIRMATION,"** stating: **"Thank you for paying the import duty due on your DHL
Express shipment…"**.

     9.    Thereafter, the package is delivered to the recipient/purchaser by DHL.

     10.    In actuality, the written description of the additional charge demanded in such
DHL email notices as a **"duty"** and/or **"import duty"** advanced by DHL is false, deceptive and
misleading.

     11.    Under DHL's uniform policy, in addition to any actual import duty or tax on the
package, DHL secretly adds an additional $17 charge to that amount which does not actually
consist of any import duty, tax or other government-mandated fee or charge whatsoever.

     12.    Rather, the $17 charge consists of what DHL internal documents admit is a $17
"service charge" which is not paid to any governmental entity but rather is imposed by, and paid
to, DHL as an additional, undisclosed, and totally unauthorized source of profit.

     13.    The DHL notices demanding reimbursement of alleged import duties do not
reveal that any part of the additional amount demanded from the class member is anything but an
import duty and/or is an additional service charge being imposed by DHL.

     14.    Rather, the DHL notice simply demands a single flat amount that consists of both
the $17 charge imposed by DHL and the amount of any import duty or tax owed, with the notice
describing that entire amount as a **"duty"** and/or **"import duty"** which must be paid by the
recipient. See Attachments A and B.

3

15. The recipient/purchasers who receive DHL notices have not agreed to, or authorized, this additional $17 charge by DHL. Nor does DHL ask the recipient/purchaser to agree, authorize or consent to the additional $17 charge by DHL.

16. Rather, the DHL notice sent to the recipient/purchasers under this illegal and deceptive policy gives them no choice but to pay the full amount demanded by DHL, stating: **"If the duty is not paid within 5 days, the parcel will be returned to the shipper."** See Attachment A.

17. The uniform policy of DHL as described herein is a sharp, deceptive and unconscionable commercial practice in the sale of services involving, inter alia, false affirmative statements of fact and knowing material omissions of fact.

18. Plaintiff seeks injunctive, declaratory, monetary and statutory relief for himself and the proposed Class to obtain redress and to end Defendant's policy of falsely describing the entirety of this additional charge in its written communications as an import duty and to stop DHL from imposing this unauthorized and undisclosed $17 "service charge" without advance disclosure to, and agreement by, the class members, bringing:

    a.    A claim under the New Jersey Consumer Fraud Act ("CFA"), in that Defendant's uniform policies as described herein constitute an unconscionable commercial practice, Defendant's written statements to the class as described herein include false statements of affirmative fact, and Defendant's failure to adequately disclose the existence and true basis of the so-called "import duty" are material omissions, all of which violate N.J.S.A. § 56:8-2;

    b.    A claim under the New Jersey Truth in Consumer Contract Warranty and Notice Act ("TCCWNA"), in that Defendant has presented, shown, offered, and submitted consumer notices and signs to Plaintiff and the Class that violated their clearly established rights arising under state law, as prohibited by N.J.S.A. § 56:12-15;

4

        c.      A claims under New Jersey common law for breach of the implied covenant of good faith and fair dealing based on Defendant's uniform policy as alleged herein;

        d.      An alternative claim under a theory of unjust enrichment in that Defendant has demanded and received a benefit from Plaintiff and the Class under circumstances that make retention of that benefit by Defendant unjust; and

        e.      A claim under the New Jersey Declaratory Judgment Act, N.J.S.A. § 2A:16-51, et seq., for an order for injunctive and declaratory relief: (1) declaring that Defendant's policy of falsely describing the totality of the additional monies demanded by DHL as an "import duty" and forcing class members to pay an unauthorized and undisclosed $17 "service charge" to DHL under the threat of losing their packages are violations of New Jersey law; (2) enjoining Defendant from continuing this policy; (3) ordering DHL to hold in constructive trust all of the $17 "service charge" payments received from the Class; and (4) ordering Defendant to perform an accounting of all amounts collected from the Class as "duty".

## PARTIES

    19.    Noam Martin is a New Jersey citizen who, like all other class members, received a written notice from DHL during the class period which contained uniform language identical or was substantially similar to the notice attached hereto as Attachment A, which imposed an additional charge which the DHL notice represented to consist entirely of reimbursement for import duties, but which also included an undisclosed and unauthorized $17 charge paid to DHL which was not any type of import duty, tax or other government-mandated charge.

    20.    Defendant, DHL Express (USA), Inc., is a company duly incorporated pursuant to the laws of the state of Florida with its principal address on the 1st Floor of 1210 South Pine Island Road, in Plantation, Florida which maintains a facility at 80 Milford Road, East Windsor, Mercer County, New Jersey 08520. DHL Express (USA), Inc.'s Registered Agent is CT Corporation System, whose address in New Jersey is 820 Bear Tavern Road, #305, Ewing Township, New Jersey 08628.

## JURISDICTION AND VENUE

21.    This Court has personal jurisdiction over Defendant because, inter alia, Defendant: (a) transacted business in this state; (b) maintained continuous and systematic contacts in this state prior to and during the class period, including maintaining a facility at 80 Milford Road, Mercer County, New Jersey 08520; (c) purposefully availed itself of the benefits of doing business in this state; and (d) the conduct giving rise to the complaint, including the sending of the written notices sent to Plaintiff in New Jersey which give rise to the action, occurred in New Jersey. Accordingly, Defendant maintains minimum contacts with this state which are more than sufficient to subject it to service of process and to comply with due process of law.

22.    There is no federal jurisdiction over the subject matter of this proposed class action because the amount in controversy, exclusive of interest and costs, is less than $5,000,000, in that the undisclosed, unauthorized and unlawful overcharge challenged in this lawsuit is $17 per person and there are less than 10,000 class members during the class period.

23.    Venue is proper in Mercer County in that Defendant maintains its largest New Jersey facility at 80 Milford Road, Mercer County, New Jersey and Defendant regularly transacted business in Mercer County, including sending the email notices at issue to class members in Mercer County.

## THE UNIFORM POLICY WHICH GIVES RISE TO THE CLASS CLAIMS

24.    DHL is a package delivery and express courier service. DHL operates internationally and holds itself out as a specialist in international shipping and courier delivery services. Indeed, the DHL website states:

**"When you ship with DHL Express - you're shipping with specialists in international shipping and courier delivery services! With our wide**

6

> range of express parcel and package services, along with shipping and
> tracking solutions to fit your needs - learn how DHL Express can
> deliver!"

25.    As part of its business, DHL often contracts with online retailers and other

retailers operating outside the United States to deliver goods purchased from said retailers by

persons and entities residing in the United States.

26.    Under these contracts, the shipping fees and charges imposed by DHL for the

delivery are usually paid by the retailer.

27.    The purchaser/recipient of the goods usually has no express agreement with DHL,

has not selected DHL as the shipper, and has no choice in the selection of DHL to deliver the

goods in question.

28.    The case at bar challenges a deceptive uniform policy employed by DHL in the

delivery of goods purchased from retailors outside the United States which are delivered by DHL

to purchaser/recipients inside the United States.

29.    Under this uniform policy, DHL sends the purchaser/recipient a written notice

imposing an additional charge which the notice falsely represents to be reimbursement for import

duties advanced by DHL, but which in reality includes an undisclosed and unauthorized $17

service charge imposed by DHL which is not any type of import duty, tax, or other government-

mandated charge or fee.

30.    The specific uniform policy challenged involves both uniform written false and

affirmative statements of fact and knowing omissions of material fact by DHL.

31.    Specifically, after the purchased goods are transported into the United States by

DHL, DHL sends a written email notice to the purchaser/recipient, entitled **"Import Duty**

**Payment is Required"** which contains uniform language claiming that **"DHL Express has paid**

7

**the duty for your parcel"** and demanding that a specified amount by paid to DHL by the recipient/purchaser for that alleged **"duty"**. That notice goes on to state in uniform language: **"If the duty is not paid within 5 days, the parcel will be returned to the shipper."** See Attachment A, exemplar DHL email notice sent to Plaintiff on May 31, 2021, entitled **"IMPORT DUTY PAYMENT IS REQUIRED"** which states: **"DHL Express has paid the duty for your parcel with waybill number 7184497935 from BRICKSHOP HOLLAND B.V. The amount you need to pay is USD 44.23 and you can easily pay online here. If the duty is not paid within 5 days, the parcel will be returned to the shipper."**

32.    Once the purchaser/recipient pays the full amount of the purported import **"duty"** demanded by the first DHL written notice, a second written email is sent by DHL to the purchaser/recipient, entitled **"IMPORT DUTY PAYMENT CONFIRMATION"** which contains uniform operative language stating: **"Thank you for paying the import duty due on your DHL Express shipment"**. See Attachment B, exemplar DHL email notice sent to Plaintiff on May 31, 2021, with subject line **"IMPORT DUTY PAYMENT CONFIRMATION"** stating: **"Thank you for paying the import duty due on your DHL Express shipment"** of **"USD 44.23"**.

33.    Thereafter, the package is delivered to the recipient/purchaser by DHL.

34.    In actuality, the written description of the additional charge demanded in such DHL email notices as a **"duty"** and/or **"import duty"** advanced by DHL is false, deceptive and misleading.

35.    Under DHL's uniform policy, in addition to any actual import duty or tax on the package, DHL secretly adds an additional $17 charge to that amount which does not actually consist of any import duty, tax or other government-mandated fee or charge whatsoever.

8

36.     Rather, the $17 charge consists of what DHL internal documents admit is a $17 "service charge" which is not paid to any governmental entity but rather is imposed by, and paid to, DHL as an additional, undisclosed, and totally unauthorized charge.

37.     The DHL notices demanding reimbursement of alleged import duties do not reveal that any part of the additional amount demanded from the class member is anything but an import duty and/or that any part of that amount is an additional service charge being imposed by DHL.

38.     Rather, the DHL notice simply demands a single flat amount that consists of both the $17 charge imposed by DHL and the amount of any import duty or tax owed, with the notice describing that entire amount as a **"duty"** and **"import duty"** which must be paid by the recipient. See Attachment A.

39.     The DHL notices do not notify the recipient/purchaser of the fact that any portion of the amount demanded for what the DHL notices describe as a **"duty"** and/or **"import duty"** includes a $17 "service charge" imposed by, and paid to, DHL.

40.     The recipient/purchasers who receive DHL notices have not agreed to, or authorized, this additional $17 charge by DHL. Nor does DHL ask the recipient/purchaser to agree, authorize or consent to the additional $17 charge by DHL.

41.     Rather, the DHL notice sent to the recipient/purchasers under this illegal and deceptive policy gives them no choice but to pay the full amount demanded by DHL, stating: **"If the duty is not paid within 5 days, the parcel will be returned to the shipper."** See Attachment A.

42.     The unlawful and deceptive actions described above are not an accident or an oversite, but rather were knowing and intentional.

9

43.     DHL drafted the uniform language of the email notices in question and in doing so, DHL purposely chose to describe the entirety of the additional amount being demanded in the notice as reimbursement for import duties advanced by DHL, without any mention of the $17 service charge imposed by DHL which was not any type of duty, tax or government charge.

44.     At all material times, DHL was fully aware that this language was deceptive and misleading in that the average consumer reading the DHL notice would believe that the entirety of the additional amount being demanded in the notice was reimbursement for import duties advanced by DHL and that no portion of that additional amount was an extra fee being paid to DHL as additional profit.

45.     Indeed, DHL had actual written notice of this fact in that DHL has received written complaints from consumers, complaining about the misleading and deceptive policy challenged herein.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action as a class action pursuant to R. 4:32, seeking damages, statutory penalties, and injunctive relief under New Jersey state law on behalf of himself and all members of the following proposed Class:

> **All New Jersey residents who, since June 2, 2015, received a notice
> from DHL which was substantially similar to Attachment A which
> demanded reimbursement of purported import duties.**

47.     The members of the class are so numerous that joinder of all members would be impracticable. While Plaintiff does not currently know the exact number of class members, it is clear that the number exceeds 100 persons and is less than 10,000 persons. Because the class is defined as those to whom Defendant sent a specific form communication, the identities of all class members are contained in Defendant's records and are fully ascertainable.

48.     All claims in this action arise exclusively from the uniform policy of Defendants as alleged herein and the uniform language in Defendant's notice describing the purported additional charges as reimbursement for "duties" and "import duties". These common questions include, but are not limited to, the following:

a.     Whether the alleged uniform policy of Defendant as alleged herein exists;

b.     Whether Defendant employs a uniform policy of sending form notices to the class demanding payment of a sum of money described in the notice as a "duty";

c.     Whether Defendant employs a uniform policy of charging class members an undisclosed and unauthorized $17 service charge as part of the alleged "duty" described in Defendant's notice;

d.     Whether the uniform description in Defendant's written notice of the entirety of the additional charges demanded by DHL as being **"the duty for your parcel"** is an affirmative false, deceptive or misleading statement;

e.     Whether it is a material omission of fact for Defendant's notice to fail to advise class members that a portion of the purported charge for reimbursement of import duties demanded in Defendant's notice includes a $17 service charge charged by, and paid to, DHL that is not an import duty, tax or any other type of government-mandated charge;

f.     Whether Defendant's policy as described herein constitutes a unconscionable commercial practice in the sale of services and/or other violation of N.J.S.A. § 56:8-2 of the Consumer Fraud Act;

g.     Whether the email notices sent by Defendant to Plaintiff and the class are consumer "notices" and/or "signs" within the meaning of N.J.S.A. § 56:12-15 of the Truth in Consumer Contract, Warranty and Notice Act;

11

h.      Whether through the uniform policy alleged herein, Defendant has violated <u>N.J.S.A.</u> § 56:12-15 of the Truth in Consumer Contract, Warranty and Notice Act by offering, displaying and presenting written consumer notices and signs to Plaintiff and the class which contained provisions that violated their clearly established legal rights under state law;

i.      Whether an implied contract under New Jersey law existed between Defendant and Plaintiff and the class regarding the delivery of the packages in question;

j.      Whether Defendant's uniform policy as described herein constituted a breach of the implied contract under New Jersey law existed between Defendant and Plaintiff and the class regarding the delivery of the packages in question;

k.      Whether Defendant's uniform policy as described herein violated the implied covenant of good faith and fair dealing in its implied contract with Plaintiff and the class;

l.      Whether Defendant's uniform policy as described herein constitutes unjust enrichment under New Jersey law; and

m.      Whether Plaintiff and the class are entitled to an order for injunctive relief barring Defendant from engaging in the policy alleged herein.

49.      Plaintiff, like all class members, is a member of the class he seeks to represent in that he, like all class members, received a written notice from DHL during the class period which contained uniform language identical or was substantially similar to the notice attached hereto as Attachment A, which imposed an additional charge which the DHL notice represented to consist entirely of reimbursement for import duties, but which also included an undisclosed and unauthorized $17 charge paid to DHL which was not any type of import duty, tax or other government-mandated charge.

50.     The claims of Plaintiff and the class all arise from the same uniform policy employed by DHL and are based on the same legal theories.

51.     Plaintiff will thoroughly and adequately protect the interests of the class. Plaintiff seeks the same relief for himself as for every other class member. Plaintiff has no interests antagonistic to class members' interests and is committed to representing the best interests of the class. Moreover, Plaintiff has retained counsel who are highly experienced in prosecuting complex class action and consumer protection cases.

52.     A class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. This class action involves an unlawful, unauthorized and undisclosed charge of $17 per instance. Thus, each Class member's interests are small compared to the burden and expense required to litigate each of his or her claims individually, so it would be impractical and would not make economic sense for class members to seek individual redress for Defendant's conduct.

53.     Moreover, individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the judicial system.

54.     Further, individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge.

55.     There should be no difficulties in managing a class action in this case.

56.     By its conduct and omissions alleged herein, DHL has acted and refused to act on grounds that apply generally to the class, such that final injunctive relief and/or declaratory relief is appropriate respecting the class as a whole.

57.     Without the proposed class action, Defendant will retain the benefits of its
wrongdoing and will continue the complained-of practices, which will result in further damages
to Plaintiff and the class.

## COUNT I

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
### N.J.S.A. § 56:8-1, et seq.

58.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if
fully set forth herein.

59.     Defendant has engaged in the sale of services covered by the New Jersey
Consumer Fraud Act, ("CFA") N.J.S.A. § 56:8-1, et seq.

60.     The CFA was enacted to protect consumers against sharp and unconscionable
commercial practices by persons engaged in the sale of goods or services. See Marascio v.
Campanella, 689 A.2d 852, 857 (N.J. Ct. App. 1997).

61.     The CFA is a remedial statute which the New Jersey Supreme Court has
repeatedly held must be construed liberally in favor of the consumer to accomplish its deterrent
and protective purposes. See Furst v. Einstein Moomjy, Inc., 860 A.2d 435, 441 (N.J. 2004)
("The [CFA] is remedial legislation that we construe liberally to accomplish its broad
purpose of safeguarding the public.").

62.     Indeed, "[t]he available legislative history demonstrates that the [CFA] was
intended to be one of the strongest consumer protection laws in the nation." New Mea
Const. Corp. v. Harper, 497 A.2d 534, 543 (N.J. Ct. App. 1985).

63.     For this reason, the "history of the [CFA] is one of constant expansion of
consumer protection." Kavky v. Herbalife Int'l of Am., 820 A.2d 677, 681-82 (N.J. Ct. App.
2003).

14

64.    The CFA was intended to protect consumers **"by eliminating sharp practices and dealings in the marketing of merchandise and real estate."** Lemelledo v. Beneficial Mgmt. Corp., 696 A.2d 546, 550 (N.J. 1997).

65.    Specifically, N.J.S.A. § 56:8-2 prohibits "unlawful practices" which are defined as:

> **"The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission ... whether or not any person has in fact been misled, deceived or damaged thereby ..."**

66.    The catch-all term **"unconscionable commercial practice"** was added to the CFA by amendment in 1971 to ensure that the CFA covered, inter alia, **"incomplete disclosures"**. Skeer v. EMK Motors, Inc., 455 A.2d 508, 512 (N.J. Ct. App. 1982).

67.    In describing what constitutes an **"unconscionable commercial practice"**, the New Jersey Supreme Court has noted that it is an amorphous concept designed to establish a broad business ethic. See Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).

68.    In order to state a cause of action under the CFA, a plaintiff does not need to show reliance by the consumer. See Varacallo v. Massachusetts Mut. Life Ins. Co., 752 A.2d 807 (N.J. App. Div. 2000).

69.    As stated by the New Jersey Supreme Court in Lee v. Carter-Reed Co., L.L.C., 4 A.3d 561, 580 (N.J. 2010):  **"It bears repeating that the [NJCFA] does not require proof of misrepresentations whether any person has in fact been misled, deceived or damaged thereby"**.

70.    It is also not required that an affirmative statement be literally false in order to be considered deceptive and misleading under the CFA. Even a statement which is literally true can

15

be misleading and deceptive in violation of the CFA. See Smajlaj v. Campbell Soup Co., 782 F.

Supp. 2d 84, 98 (D.N.J. 2011) (upholding a NJCFA claim where the defendant argued its written

statement was literally true, holding **"the fact that the labels were literally true does not mean**

**they cannot be misleading to the average consumer."**).

71.     A CFA violation also does not require that the merchant be aware of the falsity of

the statement or that the merchant act with an intent to deceive. See Gennari v. Weichert Co.

Realtors, 691 A.2d 350, 365 (N.J. 1997):

> **"One who makes an affirmative misrepresentation is liable even in the**
> **absence of knowledge of the falsity of the misrepresentation, negligence,**
> **or the intent to deceive... An intent to deceive is not a prerequisite to**
> **the imposition of liability."**

72.     Nor is it a defense to a CFA claim that the merchant acted in good faith. See Cox

v. Sears Roebuck & Co., 647 A.2d 454, 461 (N.J. 1994) (**"the Act [CFA] is designed to protect**

**the public even when a merchant acts in good faith."**).

73.     In the case at bar, Defendant's policy of written notice to Plaintiff and the class

demanding payment of an additional amount which the notice describes only as reimbursement

of an import duty, but which actually includes a $17 service charge imposed by DHL which is

not any type of import duty, tax or government-mandated charge, is a deceptive, misleading,

and/or unconscionable commercial practice in the sale of services in violation of N.J.S.A. § 56:8-

2 for the reasons set forth herein.

74.     This policy involves, inter alia, both misleading affirmative statements and the

knowing omission of material facts.

75.     First, Defendant's notices demand payment of a single amount and describe the

purpose of that additional payment solely as reimbursement for a **"duty"** or **"import duty"**

advanced by DHL for the package being delivered to the class member. For the reasons outlined

16

in greater detail previously, those statements are false, deceptive and misleading because the dollar amounted demanded in Defendant's notice does not consist solely of import duties, taxes or any other government-mandated fees or charges, but rather the single dollar amount demanded includes a $17 service change imposed by, and paid to DHL.

76.     Second, nowhere in Defendant's notices is the class member informed that any portion of the additional dollar amount demanded in the DHL notices consists of a $17 service charge imposed by, and paid to, DHL, or that any portion of the additional monies being demanded consists of anything other than reimbursement for import duties.

77.     As a direct and proximate result of these unlawful actions by Defendant, Plaintiff and the class have been injured and have suffered an ascertainable loss of money.

78.     Specifically, Plaintiff and each class member have been charged an undisclosed and unauthorized $17 service charge by DHL, under the pretext that this money was reimbursement for import duties.

79.     Pursuant to <u>N.J.S.A</u>. § 56:8-19, Plaintiff seeks actual damages, treble damages, and injunctive relief for himself and the class.

## **COUNT II**

### **VIOLATION OF THE NEW JERSEY TRUTH IN CONSUMER CONTRACT, WARRANTY AND NOTICE ACT, <u>N.J.S.A</u>. § 56:12-14, <u>et seq</u>.**

80.     Plaintiff incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

81.     The email notices sent by Defendant to Plaintiff and the class are consumer "notices" and/or "signs within the meaning of <u>N.J.S.A</u>. § 56:12-15.

82.     By the acts alleged herein, Defendant has violated <u>N.J.S.A</u>. § 56:12-15 because, in the course of Defendant's business, Defendant has offered, displayed and presented written

17

consumer notices and signs to Plaintiff and the class which contained provisions that violated

their clearly established legal rights under state law, within the meaning of N.J.S.A. § 56:12-15.

83.     The clearly established rights of Plaintiff and the class under state law include the

right not to be subjected to unconscionable commercial practices and false written affirmative

statements of fact in the sale of goods or services, as described herein, which acts are prohibited

by N.J.S.A. § 56:8-2 of the CFA.

84.     Plaintiff and each class member are aggrieved consumers for the reasons set forth

herein, and specifically because, inter alia, each was charged an unauthorized and undisclosed

$17 "service charge" by DHL which DHL's notices deceptively described as import duties, but

said $17 charge in reality was not an import duty, tax or any other type of governmental fee or

charge.

85.     Pursuant to N.J.S.A. § 56:12-17, Plaintiff seeks a statutory penalty of $100 for

each class member, as well as actual damages and attorneys' fees and costs. See N.J.S.A. §

56:12-17, providing that a seller who violates the TCCWNA: **"shall be liable to the aggrieved**

**consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the**

**election of the consumer, together with reasonable attorney's fees and court costs."** See also

United Consumer Fin. Servs. Co. v. Carbo, 410 N.J. Super. 280, 310 (App. Div. 2009), affirming

the trial judge's decision to award the $100 statutory penalty to each class member under

N.J.S.A. § 56:12-17 of TCCWNA, stating:

> **"[T]he $100 civil penalty is not unreasonably disproportionate when**
> **viewed in that context, whether it is considered with respect to an**
> **individual consumer or the 16,845 consumers whose contracts included**
> **the prohibited fee. We note that when assessing the constitutional**
> **reasonableness of punitive damage awards, courts are directed to**
> **consider and give 'substantial deference' to judgments made by the**
> **Legislature in fixing civil penalties. Nothing about the facts of this case**
> **or the numerosity of this class warrants a more searching evaluation of**

**the reasonableness of awarding the civil penalty selected by the
Legislature to each member of this class.**" (citation omitted).

## COUNT III

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

86.     Plaintiff incorporates by reference all previous paragraphs of this complaint as if
fully set forth herein.

87.     An implied contract existed under New Jersey law between Defendant and
Plaintiff and the class for the provision of delivery services and/or to deliver the items in
question to Plaintiff and the class.

88.     Any such implied contract contained, by operation of New Jersey law, an implied
covenant of good faith and fair dealing.

89.     By the conduct alleged herein, Defendant has violated the covenant of good faith
and fair dealing.

90.     Plaintiff and the class sustained damages as a result of Defendant's breaches of
the covenant of good faith and fair dealing.

## COUNT IV

### ALTERNATIVE CLAIM UNDER UNJUST ENRICHMENT

91.     Plaintiff incorporates by reference all previous paragraphs of this complaint
as if set forth fully herein.

92.     Alternatively, there was no contract between Defendant and Plaintiff and the
class.

93.     By the conduct alleged herein, Defendant has solicited and received a benefit
from Plaintiff and the class in the form of an unauthorized $17 service charge, under
circumstances which are illegal and unjust.

19

94.     Equity and justice demand that Defendant be required to disgorge itself of that benefit and that this benefit be returned to Plaintiff and the class.

## COUNT V

### NEW JERSEY UNIFORM DECLARATORY JUDGMENTS ACT
### N.J.S.A. § 2A:16-51, et seq.

95.     Plaintiff incorporates by reference all previous paragraphs of this complaint as if set forth fully herein.

96.     Pursuant to the New Jersey Declaratory Judgments Act, N.J.S.A. § 2A:16-51, et seq., Plaintiff and the class need, and are entitled to, an order for injunctive and declaratory relief:

      a.     Declaring that Defendant's policy as outlined herein is a violation of New Jersey law;

      b.     Enjoining Defendant from continuing the policy of sending written notices demanding payment of what Defendant's notice described only as "duty" or "import duty" but which actually include an unauthorized and undisclosed $17 service charge imposed by DHL;

      c.     Ordering Defendant to hold in constructive trust all monies collected from the class as "duty" or "import duty" but which actually consisted of a non-governmental $17 service charge imposed by DHL; and

      d.     Ordering Defendant to perform an accounting of all such fee payments.

97.     Plaintiff and the class members have a significant interest in this matter in that each has been or will be subjected to the unlawful policies alleged herein.

98.     Defendant continues to engage in the policies alleged herein.

99.     Plaintiff has standing to seek such injunctive and declaratory relief because it is certain that Plaintiff will order additional items from online retailers and other retailers outside

the United States and that some such retailers will hire DHL to deliver those purchases to Plaintiff in the United States.

100.     Accordingly, it is a certainty that Plaintiff will be subjected to the DHL policy again in the future and that DHL will send Plaintiff additional notices of the type described herein, demanding a lump sum of money as a purported reimbursement for import duties.

101.     Plaintiff's knowledge that the amount demanded by DHL as import duty includes a $17 service charge imposed by DHL will not prevent Plaintiff's injury because the DHL notice will still demand payment of the entire amount listed in the notice, stating that **"If the duty is not paid within 5 days, the parcel will be returned to the shipper."**

102.     Thus, Plaintiff will be forced to either pay the unauthorized $17 DHL service charge or have his purchase returned by DHL to the overseas seller, in which case Plaintiff will either be deprived of his purchase or he will be charged an additional shipping charge by the seller.

103.     Based on the foregoing, a justifiable controversy is presented in this case, rendering declaratory judgment and injunctive relief appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and the proposed class, Plaintiff requests that the Court order relief and enter judgment against Defendant as follows:

A.     Declare this action to be a proper class action, certify the proposed class, and appoint Plaintiff and his counsel to represent the class;

B.     Declare that Defendant's conduct alleged herein is in violation of the New Jersey laws cited above;

C.     Declare Defendant's policy to be a violation of New Jersey law;

21

D.    Enjoin Defendant from engaging in the policy alleged herein;

E.    Retain jurisdiction to monitor Defendant's compliance with the injunctive relief;

F.    Grant compensatory damages, treble damages, and statutory damages on behalf of

Plaintiff and all members of the class, to the maximum extent permitted by applicable law;

G.    Grant reasonable attorneys' fees and reimbursement all costs incurred in the

prosecution of this action; and

H.    Grant such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: June 2, 2021                          **DeNITTIS OSEFCHEN PRINCE, P.C.**

BY: _____

      Stephen P. DeNittis (SD-0016)
      525 Route 73 North, Suite 410
      Marlton, New Jersey 08053
      (856) 797-9951
      sdenittis@denittislaw.com

      Attorneys for Plaintiff and the Proposed Class

22

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that, to the best of my knowledge, this matter is not the subject of any other

action pending in any court or of any pending arbitration or administrative proceeding.  There are

no other parties known to Plaintiff at this time who should be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Stephen DeNittis is designated as trial counsel on this complaint.

Dated:  June 2, 2021                              **DeNITTIS OSEFCHEN PRINCE, P.C.**

BY: _____

Stephen P. DeNittis (SD-0016)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
sdenittis@denittislaw.com

Attorneys for Plaintiff and the Proposed Class

23

# Attachment A

MER-L-001161-21   06/02/2021 11:53:29 AM  Pg 25 of 27 Trans ID: LCV20211346178

 

# IMPORT DUTY PAYMENT IS REQUIRED

Hello THE HEART BRICKER,

DHL Express has paid the duty for your parcel with waybill number 7184497935 from BRICKSHOP HOLLAND B.V..

The amount you need to pay is **USD 44.23** and you can easily pay online here.

If the duty is not paid within 5 days, the parcel will be returned to the shipper. To check the status of your shipment, please click here.



**Duty Payment**

## SHIPMENT INFORMATION

**Waybill No.**          7184497935

**Address**

*Thank you for paying online.*

**DHL Express - Excellence. Simply delivered.**

**Deutsche Post DHL Group**

DHL Express | Contact DHL | Privacy Policy

2021 © DHL International GmbH. All rights reserved.

# Attachment B

 

# IMPORT DUTY PAYMENT CONFIRMATION

Hello THE HEART BRICKER,

Thank you for paying the import duty due on your DHL Express shipment
with waybill number 7184497935 from BRICKSHOP HOLLAND B.V..



To manage delivery or track your shipment, please click here.

## PAYMENT DETAILS

**Amount Paid**          USD 44.23

**Transaction ID**        47798006-1880268

**Payment Date**          5/31/2021

## SHIPMENT INFORMATION

**Waybill No.**          7184497935

**Address**

*Thank you for paying online.*

**DHL Express - Excellence. Simply delivered.**

DHL Express | Contact DHL | Privacy Policy

Deutsche Post DHL Group