**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis (SD-0016)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
sdenittis@denittislaw.com

Attorneys for Plaintiff and the Proposed Class

| | |
|---|---|
| NOAM MARTIN, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>DHL EXPRESS (USA), INC.,<br><br>　　　　　　　　Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO. 3:21-cv-13363-PGS-TJB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1. This is a proposed class action challenging a class-wide breach of contract committed by DHL Express (USA), Inc. ("DHL") of contracts between DHL and class members pertaining to the delivery of goods purchased from retailers outside the United States which were delivered by DHL to class members inside the United States.

2. DHL is a company who, inter alia, is in the business of shipping goods shipped by sellers located outside the United States to recipient/purchasers located in the United States.

3. In almost all such transactions, it is the seller who selects DHL as the shipper of the goods purchased. In such circumstances, the purchaser/recipient initially has no agreement with DHL and no say in the hiring of DHL to ship the goods in question or the terms imposed by DHL.

4. After DHL imports the goods into the United States, however, DHL employs a

1

uniform policy of sending a written email notice to the purchaser/recipient, entitled **"Import Duty Payment is Required"** which contains uniform language claiming that **"DHL Express has paid the duty for your parcel"** and demanding that a specified amount be paid to DHL by the recipient/purchaser for that alleged **"duty"**. That notice goes on to state in uniform language: **"If the duty is not paid within 5 days, the parcel will be returned to the shipper."** <u>See</u> Attachment A, exemplar DHL email notice sent to Plaintiff on May 31, 2021, entitled **"IMPORT DUTY PAYMENT IS REQUIRED"**.

5. On the DHL website cited in that email, the recipient/purchaser is told: **"There is an import duty on your shipment. The amount is USD …."**.

6. Subsequently, DHL sends a second email communication, entitled **"IMPORT DUTY PAYMENT CONFIRMATION,"** stating: **"Thank you for paying the import duty due on your DHL Express shipment…"**. <u>See</u> Attachment B, exemplar sent to Plaintiff by DHL dated May 31, 2021.

7. The legal theory underlying this First Amended Complaint is that these two written form email communications sent by DHL, and the statement on the DHL website to which class members are directed, constitute an offer to contract to each class member under which DHL promises to deliver the recipient's package if the recipient reimburses DHL for the import duties DHL paid for said package.

8. That offer is then accepted by the subsequent conduct/performance of the recipient and a binding contract is formed.

9. The gravamen of this breach of contract action is that DHL commits a class-wide breach of said contract by charging each class member/recipient more than what is required in order to reimburse DHL for any government duties and/or taxes paid by DHL.

10. Specifically, on top of legitimate government import duty or taxes paid by DHL, DHL also imposes an additional uniform $17 service charge on class members.

11. That $17 service charge is not part of the contract between DHL and the class member.

12. DHL does not disclose the existence of that additional $17 service charge to class members in DHL's emails or in any other fashion.

13. Nor does DHL ever seek the recipient's consent or agreement to pay such a $17 service charge.

14. Nor does the class member ever give consent to, or agree to, pay such a $17 service charge to DHL.

15. In actuality, the undisclosed $17 charge imposed by DHL is not reimbursement for any import duty, tax or other government charge.

16. Rather, it consists entirely of what DHL internal documents admit is a $17 service charge which is not paid to any governmental entity and is an extra-contractual charge imposed by, and paid to, DHL as an additional, undisclosed, and totally unauthorized source of profit; a fact which is never disclosed to class members.

17. Such a $17 service charge is not and cannot be part of the contract between DHL and the class members since the emails sent by DHL, and the DHL website, which constitute the whole of the agreement, do not mention the existence of any $17 service charge and instead state that the money sought by DHL in the emails is for one purpose only: **"Import Duty Payment is Required"** because **"DHL Express has paid the duty for your parcel."** See Attachment A.

18. Nothing in any email or other communication sent by DHL even hints that DHL is charging a $17 service charge on top of any import duties paid by DHL.

19. As such, DHL's uniform policy of charging class members an additional, undisclosed $17 service charge – on top of the legitimate import duty and/or tax paid by DHL – is a clear breach of contract as to every class member.

## PARTIES

20. Noam Martin is a New Jersey citizen who, like all other class members, received a written notice from DHL during the class period which contained uniform language identical or was substantially similar to the notice attached hereto as Attachment A, which stated that DHL was seeking reimbursement for import duties, and which did not mention, or seek agreement by Plaintiff, to pay any $17 service charge to DHL or any other type of charge which was not any type of import duty, tax or other government-mandated charge.

21. Defendant, DHL Express (USA), Inc., is a company duly incorporated pursuant to the laws of the state of Florida with its principal address on the 1st Floor of 1210 South Pine Island Road, in Plantation, Florida which maintains a facility at 80 Milford Road, East Windsor, Mercer County, New Jersey 08520. DHL Express (USA), Inc.'s Registered Agent is CT Corporation System, whose address in New Jersey is 820 Bear Tavern Road, #305, Ewing Township, New Jersey 08628.

## JURISDICTION AND VENUE

22. This Court has personal jurisdiction over Defendant because, inter alia, Defendant: (a) transacted business in this state; (b) maintained continuous and systematic contacts in this state prior to and during the class period, including maintaining a facility at 80 Milford Road, East Windsor, Mercer County, New Jersey 08520; (c) purposefully availed itself of the benefits of doing business in this state; and (d) the conduct giving rise to the complaint, including the sending of the written notices sent to Plaintiff in New Jersey which give rise to the

action, occurred in New Jersey. Accordingly, Defendant maintains minimum contacts with this state which are more than sufficient to subject it to service of process and to comply with due process of law.

23.     Defendant removed this matter from New Jersey Superior Court on the basis that there was federal jurisdiction over this proposed class action under CAFA because, Defendant contends, the amount in controversy, exclusive of interest and costs, is more than $5,000,000. Plaintiff has no way at the current time, without discovery, to verify this assertion by DHL.

24.     Venue is proper in the Trenton Vicinage because this matter was removed from New Jersey Superior Court in Mercer County and because Defendant maintains its largest New Jersey facility at 80 Milford Road, East Windsor, Mercer County, New Jersey and Defendant regularly transacted business in Mercer County, including sending the email notices at issue to class members in Mercer County.

### THE CLASS-WIDE BREACH OF CONTRACT GIVING RISE TO THE ACTION

25.     DHL is a package delivery and express courier service. DHL operates internationally and holds itself out as a specialist in international shipping and courier delivery services. Indeed, the DHL website states:

> **"When you ship with DHL Express - you're shipping with specialists in international shipping and courier delivery services! With our wide range of express parcel and package services, along with shipping and tracking solutions to fit your needs - learn how DHL Express can deliver!"**

26.     As part of its business, DHL often contracts with online retailers and other retailers operating outside the United States to deliver goods purchased from said retailers by persons and entities residing in the United States.

27.     Under these contracts, the shipping fees and charges imposed by DHL for the

5

delivery are usually paid by the retailer.

28.     Thus, initially, the purchaser/recipient of the goods has no agreement or contact with DHL, has not selected DHL as the shipper, and has no choice in the selection of DHL to deliver the goods in question.

29.     After DHL imports the goods into the United States, however, DHL employs a uniform policy of sending a written email notice to the purchaser/recipient, entitled **"Import Duty Payment is Required"** which contains uniform language claiming that **"DHL Express has paid the duty for your parcel"** and demanding that a specified amount be paid to DHL by the recipient/purchaser for that alleged **"duty"**. That notice goes on to state in uniform language: **"If the duty is not paid within 5 days, the parcel will be returned to the shipper."** See Attachment A, exemplar DHL email notice sent to Plaintiff on May 31, 2021, entitled **"IMPORT DUTY PAYMENT IS REQUIRED"**.

30.     Nothing in that DHL email communication states or discloses that DHL is seeking any monies whatsoever from the recipient other than the amounts which **"DHL Express has paid the duty for your parcel."** Id.

31.     The purchaser/recipient is not advised of any other charges beyond reimbursement to DHL for such **"import duties"**. Id.

32.     Nor is the purchaser/recipient asked to agree, and never agrees, to pay DHL any other or additional amounts beyond reimbursement to DHL for such **"import duties"**. Id.

33.     On the DHL website cited in that email, the recipient/purchaser is told: **"There is an import duty on your shipment.  The amount is USD …."**.

34.     Subsequently, DHL pursues a uniform policy of sending purchaser/recipients a

6

second email communication, entitled **"IMPORT DUTY PAYMENT CONFIRMATION,"** stating: **"Thank you for paying the import duty due on your DHL Express shipment…"**. See Attachment B, exemplar sent to Plaintiff by DHL dated May 31, 2021.

35. The sole legal theory underlying this First Amended Complaint is that these two written form email communications sent by DHL and the statement on the DHL website constitute an offer of contract under which DHL promises to deliver the recipient's package if the recipient reimburses DHL for the import duties DHL paid for said package.

36. That offer is then accepted by the conduct/performance of the class member and a binding contract is formed.

37. The gravamen of this breach of contract action is that DHL commits a class-wide breach of said contract by charging each class member/recipient more than what is required to reimburse DHL for any government duties and/or taxes paid.

38. Specifically, in addition to any governmental import duties, taxes, or governmental charges paid by DHL – for which class members have agreed to reimburse DHL – DHL also imposes an undisclosed uniform $17 service charge on class members; a $17 charge which goes directly to DHL and which is not reimbursement for any cost whatsoever but rather is additional profit for DHL.

39. That $17 service charge is not, and cannot be, part of the contract between DHL and the recipient because DHL has not disclosed the existence of that $17 service charge to the class member in DHL's emails, the DHL website, or any other communication.

40. Rather, DHL's written emails and website have disclosed to class members, and seek the class member's agreement to, only DHL's request for the amounts which **"DHL Express has paid the duty for your parcel."** See Attachment A.

41. DHL never seeks or obtains the class member's consent or agreement to pay any $17 service charge to DHL or anything other than reimbursement for import duties.

42. Yet, the undisclosed $17 charge consists of what DHL internal documents admit is a $17 "service charge" which is not paid to any governmental entity, but is an extra-contractual charge imposed by, and paid to, DHL as an additional, undisclosed, and totally unauthorized source of profit.

43. Such a $17 charge is not and cannot be part of the contract between DHL and the class members.

44. The emails sent by DHL and the DHL website which constitute the whole of the agreement do not mention the existence of any $17 service charge and instead state merely that the money sought by DHL in the emails is for one purpose: **"Import Duty Payment is Required"** because **"DHL Express has paid the duty for your parcel."** See Attachment A.

45. Nothing in any email, the DHL website, or any other communication sent by DHL even hints that DHL is going to impose a $17 service charge on top of the amounts which DHL advanced to pay import duties.

46. As such, DHL's uniform policy of charging class members, without their agreement or consent, an additional, undisclosed $17 service charge – on top of the amounts needed to reimburse DHL for any legitimate import duty and/or taxes paid by DHL – is a clear breach of contract as to every class member.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action as a class action pursuant to Fed.R.Civ.P. 23, on behalf of the following proposed Class:

8

**All New Jersey residents who, since June 2, 2015, received a notice from DHL which was substantially similar to Attachment A which demanded reimbursement of purported import duties.**

48. The members of the class are so numerous that joinder of all members would be impracticable. While Plaintiff does not currently know the exact number of class members, it is clear that the number exceeds 100 persons and is less than 10,000 persons. Because the class is defined as those to whom Defendant sent a specific form communication, the identities of all class members are contained in Defendant's records and are fully ascertainable.

49. All claims in this action arise exclusively from the uniform policy of Defendants as alleged herein and the uniform language in Defendant's notice describing the purported additional charges as reimbursement for "duties" and "import duties". These common questions include, but are not limited to, the following:

   a. Whether the form emails sent by Defendant to the class and the DHL website constitute a contract under New Jersey law;

   b. The terms of that contract;

   c. Whether the terms of that contract permit Defendants to charge a uniform $17 service charge to class members, above and beyond the amount required to reimburse DHL for any legitimate import duties, taxes or government charges paid by DHL; and

   d. Whether Defendant's uniform conduct as described herein constitutes a breach of contract.

50. Plaintiff, like all class members, is a member of the class he seeks to represent in that he, like all class members, received a written notice from DHL during the class period which contained uniform language identical or was substantially similar to the notices attached hereto as Attachments A and B, which imposed an additional charge which the DHL notice represented to consist entirely of reimbursement for import duties, but Plaintiff was also charged an

9

undisclosed and unauthorized $17 charge paid to DHL to which he had never agreed and which was not any type of import duty, tax or other government-mandated charge.

51. The claims of Plaintiff and the class all arise from the same uniform policy employed by DHL and are based on the same legal theories.

52. Plaintiff will thoroughly and adequately protect the interests of the class. Plaintiff seeks the same relief for himself as for every other class member. Plaintiff has no interests antagonistic to class members' interests and is committed to representing the best interests of the class. Moreover, Plaintiff has retained counsel who are highly experienced in prosecuting complex class action and consumer protection cases.

53. A class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. This class action involves an unlawful, unauthorized and undisclosed charge of $17 per instance. Thus, each class member's interests are small compared to the burden and expense required to litigate each of his or her claims individually, so it would be impractical and would not make economic sense for class members to seek individual redress for Defendant's conduct.

54. Moreover, individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the judicial system.

55. Further, individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge.

56. There should be no difficulties in managing a class action in this case.

57. By its conduct and omissions alleged herein, DHL has acted and refused to act on grounds that apply generally to the class, such that final injunctive relief and/or declaratory relief

is appropriate respecting the class as a whole.

58. Without the proposed class action, Defendant will retain the benefits of its wrongdoing and will continue the complained-of practices, which will result in further damages to Plaintiff and the class.

## COUNT I

## BREACH OF CONTRACT

59. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

60. By the acts alleged herein, a binding contract was formed between DHL and each class member.

61. By the acts alleges herein, DHL breached that contract as to every class member, causing damages.

62. As a result, Plaintiff and the class are entitled to judgment on their breach of contract claim and any and all remedies available under contract law.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and the proposed class, Plaintiff requests that the Court order relief and enter judgment against Defendant as follows:

A. Declare this action to be a proper class action, certify the proposed class, and appoint Plaintiff and his counsel to represent the class;

B. Declare that Defendant's conduct alleged herein is in breach of contract; and

C. Grant such other relief and damages as is available under contract law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  August 6, 2021　　　　　　　**DeNITTIS OSEFCHEN PRINCE, P.C.**

　　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　Stephen P. DeNittis (SD-0016)
　　　　　　　　　　　　　　　　　　　525 Route 73 North, Suite 410
　　　　　　　　　　　　　　　　　　　Marlton, New Jersey 08053
　　　　　　　　　　　　　　　　　　　(856) 797-9951
　　　　　　　　　　　　　　　　　　　sdenittis@denittislaw.com

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and the Proposed Class

# Attachment A



**Duty Payment**

# IMPORT DUTY PAYMENT IS REQUIRED

Hello THE HEART BRICKER,

DHL Express has paid the duty for your parcel with waybill number 7184497935 from BRICKSHOP HOLLAND B.V..

The amount you need to pay is **USD 44.23** and you can easily pay online here.

If the duty is not paid within 5 days, the parcel will be returned to the shipper. To check the status of your shipment, please click here.

## SHIPMENT INFORMATION

| Waybill No. | 7184497935 |
|---|---|
| Address |  |

Thank you for paying online.

**DHL Express - Excellence. Simply delivered.**

**Deutsche Post DHL Group**

DHL Express | Contact DHL | Privacy Policy

2021 © DHL International GmbH. All rights reserved.

# Attachment B



# IMPORT DUTY PAYMENT CONFIRMATION

Hello THE HEART BRICKER,

Thank you for paying the import duty due on your DHL Express shipment with waybill number 7184497935 from BRICKSHOP HOLLAND B.V..

To manage delivery or track your shipment, please click here.

## PAYMENT DETAILS

| | |
|---|---|
| Amount Paid | USD 44.23 |
| Transaction ID | 47798006-1880268 |
| Payment Date | 5/31/2021 |

## SHIPMENT INFORMATION

| | |
|---|---|
| Waybill No. | 7184497935 |
| Address |  |

*Thank you for paying online.*

**DHL Express - Excellence. Simply delivered.**

Deutsche Post DHL Group

DHL Express | Contact DHL | Privacy Policy